IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **LINCOLN M. MANANA-RAMIREZ, his wife CLARA SANTANA-RIJO and the CONJUGAL PARTNERSHIP COMPOSED BY THEM,**<br><br>**PLAINTIFFS**<br><br>Vs.<br><br>**AMERICA CRUISE FERRIES, INC. AND its INSURANCE COMPANY A; JOHN DOEs 1, 2 and 3; INSURANCE COMPANIES X, Y, Z,**<br><br>**DEFENDANTS** | CIVIL NO. 16-cv-1431 (GAG)<br><br><br>**PERSONAL INJURY** |

**ANSWER TO COMPLAINT**

**TO THE HONORABLE COURT:**

NOW COMES Defendant, America Cruise Ferries, Inc., through their attorneys, very respectfully states, alleges and prays as follows:

1. The allegation contained in paragraph 1 of the Complaint is an averment of law, therefore does not require responsive pleading.

2. The allegations contained in paragraph 2 of the complaint are denied for lack of knowledge or information sufficient to form a belief as to their truthfulness.

3. The allegations contained in paragraph 3 of the Complaint are admitted.

4. The allegations contained in paragraph 4 of the Complaint are not directed to the appearing party. Therefore, these allegations do not require a responsive pleading from the appearing party.

5. The allegations contained in paragraph 5 of the Complaint are not directed to the appearing party. Therefore, these allegations do not require a responsive pleading from the appearing party.

6. The allegations contained in paragraph 6 of the Complaint are not directed to the appearing party. Therefore, these allegations do not require a responsive pleading from the appearing party.

7. The allegations contained in paragraph 7 of the Complaint are admitted, except the name of the vessel. The correct name of the vessel is Caribbean Fantasy.

8. The allegations in paragraph 8 of the Complaint are admitted in part and denied in part. It is only admitted that vessel Caribbean Fantasy is chartered and operated by America Cruise Ferries. The rest of the allegations are denied.

9. The allegations contained in paragraph 9 against America Cruise Ferries are admitted.

10. The allegations contained in paragraph 10 of the Complaint are admitted in part and denied in part. It is admitted that plaintiff purchased a ticket to become a passenger aboard the vessel. It is also admitted that plaintiff boarded the vessel on June 12, 2015. The rest of the allegations are denied for being incorrect and/or for lack of knowledge to form a belief as to their truthfulness.

11. As to the allegations contained in paragraph 11, it is only admitted that on said date plaintiff suffered an injury aboard the vessel. The rest of the

allegations are denied for being false and/or for lack of knowledge to form a belief as to their truthfulness.

12. The allegations contained in paragraph 12 of the Complaint are denied.

13. The allegations contained in paragraph 13 of the Complaint are denied.

14. The allegations contained in paragraph 14 of the Complaint are denied.

15. The allegations contained in paragraph 15 of the Complaint are denied.

16. The allegations contained in paragraph 16 of the Complaint are denied. America Cruise Ferries exercised the duty of reasonable care and was not negligent in any way.

17. The allegations contained in paragraph 17 of the Complaint are denied. America Cruise Ferries exercised the duty of reasonable care and was not negligent in any way.

18. The allegations contained in paragraph 18 of the Complaint are denied. America Cruise Ferries exercised the duty of reasonable care and was not negligent in any way.

19. The allegations contained in paragraph 19 of the Complaint are not directed to the appearing party. Therefore, these allegations do not require a responsive pleading from our part.

20. All allegations of negligence are denied.  The allegations about damages are also denied for lack of knowledge or information sufficient to form a belief as to their truthfulness.

21. All allegations of negligence are denied.  The allegations about damages are also denied for lack of knowledge or information sufficient to form a belief as to their truthfulness.

22. All allegations of negligence are denied.  The alleged damages are also denied for lack of knowledge or information sufficient to form a belief as to their truthfulness.  It is also denied that co-plaintiff Clara Santana Rijo has a cause of action for emotional damages in the absence of personal injuries.

23. All allegations of negligence are denied.  The alleged damages are also denied for lack of knowledge or information sufficient to form a belief as to their truthfulness.

## AFFIRMATIVE DEFENSES

1. The Complaint, as drafted, fails to set forth a claim upon which relief can be granted.

2. The Complaint is time barred because plaintiffs failed to notify Carrier about the claim in the time period of six months from the date of the accident stated in clause 9 of the Ticket Contract.

3. The vessel was properly manned, equipped, fit, staunch and seaworthy at all material times.

4. The Master and crew of the vessel were properly trained in all aspects of their employment at all material times.

5. Defendant America Cruise Ferries, Inc., the Master and crew exercised reasonable care at all times.

6. Any injury or illness which plaintiffs allege may have preceded their voyage aboard the M/V CARIBBEAN FANTASY.

7. Any injury or illness which plaintiffs allege may have occurred after their voyage aboard the M/V CARIBBEAN FANTASY.

8. In the alternative, if plaintiff Lincoln Mañana, in fact, injured himself, which is denied, said injury was caused by plaintiff's sole and exclusive negligence or in the alternative, plaintiff incurred in comparative negligence in a degree to be determined by the Court.

9. Mr. Lincoln Mañana knew and voluntarily assumed the risk that led to his alleged injuries.

10. Plaintiffs failed to mitigate damages.

11. Plaintiffs failed to specify or prove their damages.

12. America Cruise Ferries, Inc. is entitled to the protections of the Limitations of Ship's Owners Liability Act. 46 U.S.C. § 30501 et. seq.

13. America Cruise Ferries, Inc. is entitled to the rights, defenses, and immunities under the Ticket Contract.

14. Co-Plaintiff, Clara Santana Rijo, is impeded from claiming compensation for emotional damages in the absence of physical damages, according to clause 8(b) of the Ticket Contract and maritime law.

15. Defendant herein specifically reserves the right to amend the answers given in this Answer to Complaint, and/or add additional affirmative defenses as discovery progresses.

**WHEREFORE**, it is respectfully requested from this Honorable Court that the Complaint be dismissed with costs and attorney's fees assessed against plaintiffs.

**RESPECTFULLY SUBMITTED.**

**I HEREBY CERTIFY** that on this same day, I electronically filed the foregoing motion with the Clerk of the Courts using the CM/ECF system which will send notification of such filing to all parties.

In Mayaguez, Puerto Rico on this 1st day of July, 2016.

**/s/CARLOS E. BAYRON**
**U.S. Dist. Ct. #206206**
**BAYRON LAW OFFICES, P.S.C.**
**P.O. Box 6461**
**Mayagüez, Puerto Rico 00681**
**Tels. 831-8188, 265-4545/ Fax. 832-1022**